UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELISSA RABBITT, an individual,

      Plaintiff,

v.                                    Case No.:

SOUTHERN VETERINARY
PARTNERS, LLC d/b/a Sun City
Center Veterinary Clinic, a foreign
limited liability company,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Melissa Rabbitt ("Plaintiff"), by and through undersigned counsel, hereby sues the Defendant, SOUTHERN VETERINARY PARTNERS, LLC d/b/a Sun City Center Veterinary Clinic ("Defendant"), and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this lawsuit against Defendant after being subjected to adverse employment actions by Defendant, in violation of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), the Americans with Disabilities Act, as amended/ADA Amendments Act of 2008, 42 U.S.C. § 12101 ("ADAAA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Florida Civil Rights Act of 1992, Florida Statute § 760 *et seq.* ("FCRA"), and Florida's private-sector Whistleblower's Act, Florida Statute § 448.102 ("FWA").

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

2.       On  or  around  May  26,  2021,  Plaintiff  timely  filed  a  Charge  of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), complaining of unlawful sex, pregnancy, and disability discrimination in the workplace.   The EEOC investigated Plaintiff's Charge of Discrimination and Plaintiff provided information to the EEOC during the investigation.

3.       On or around April 11, 2022, the EEOC issued a Determination and Notice of Rights.

4.       All conditions precedent to the filing of this lawsuit have been met or otherwise waived.

## JURISDICTION AND VENUE

5.       Jurisdiction for the Title VII, ADAAA, and FMLA claims is based on 28  U.S.C.  §  1331  (federal  question  jurisdiction).   This  Court  has  supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

6.       Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred in the Middle District of Florida, Fort Myers Division.

## PARTIES

7.       At all times pertinent, Plaintiff was a citizen and resident of Manatee County, Florida and worked for Defendant in the Middle District of Florida, Tampa Division.

8.    At all times pertinent, Defendant was and remains a foreign limited liability company doing business in the Middle District of Florida, Tampa Division.

9.    The unlawful practices alleged herein were committed within the Middle District of Florida, Tampa Division.

## GENERAL ALLEGATIONS

10.    At all times material, Defendant acted by and through its agents, servants, work-persons, and employees, acting in the course and scope of their employment and authority and in furtherance of the business of Defendant.

11.    At all times material, Plaintiff was well qualified for her position, could perform all of the essential functions of her job with reasonable accommodation, and performed her job duties in a satisfactory manner.

12.    Defendant hired Plaintiff as a veterinarian technician on or about August 31, 2019.

13.    At the time, the owner of Defendant was Dr. Steven Harris.

14.    During her employment with Defendant, Dr. Steven Harris harassed and discriminated against Plaintiff on the basis of her sex and subjected Plaintiff to a hostile working environment. For example, Dr. Harris regularly talked down to Plaintiff and on occasions became physically aggressive towards her, grabbing her arms violently when she was holding animals and slapping her on the back in front of a customer.

15.     Additionally, in late 2020, while employed with Defendant, Plaintiff learned that she was pregnant with a high-risk pregnancy, which substantially limited one or more of her major life activities, including standing.

16.     As a result of her high-risk pregnancy, related disability/condition, and her doctor's recommendation that she be allowed increased periods of sitting while working, Plaintiff requested reasonable accommodations.

17.     In March 2021, Plaintiff spoke with Defendant's new practice manager, Anne Rees, and requested a reasonable accommodation. Specifically, Plaintiff requested to work in the front of the office because it would be less physically demanding and she would be able to sit more.

18.     Defendant denied the request, failed and/or refused to accommodate Plaintiff, and continued to ask her to perform tasks that violated her light duty restrictions.

19.     Furthermore, when Plaintiff requested the contact information for HR (as the company had recently been sold to a parent corporation) so that she could complain about these issues, Defendant's practice manager refused to give Plaintiff this information, stating that everything needed to go through her.

20.     Plaintiff sought out the contact information herself, reached out to the corporate HR office for Defendant, and left several voicemails requesting a return call. Plaintiff also sent an online inquiry/contact request form through Defendant's website, to which there was no response.

21. Despite reaching out multiple times, Plaintiff did not receive a response back until on or about August 2, 2021.

22. Due to Defendant's failure and/or refusal to accommodate Plaintiff, Plaintiff was forced to take FMLA leave beginning April 8, 2021 (it was supposed to begin April 16, 2021, however, Defendant refused to accommodate Plaintiff).

23. Defendant still did not reach out to Plaintiff to discuss her concerns or her return to work following her FMLA leave.

24. Plaintiff followed up with Defendant on June 29, 2022, prior to her agreed return to work date of July 5, 2021, and requested information about returning to work following her FMLA leave, stating that even though Defendant told her they would be in contact about her return, she had heard nothing from them yet.

25. When Plaintiff finally did receive a response back from Defendant on August 2, 2021, Defendant offered to have her come back, while still ignoring her prior complaints about the discriminatory and hostile treatment she had been subjected to prior to her FMLA leave.

26. On August 10, 2021, Plaintiff again raised the issues, expressing that she was fearful and uncomfortable about returning to work, due to the discriminatory and hostile working environment and her ignored concerns about same prior to her FMLA leave, and asking how this could be addressed.

27.     Defendant continued to fail and/or refuse to respond to or investigate Plaintiff's complaints and concerns regarding returning to work, and failed to reinstate her, effectively terminating her employment.

28.     Defendant failed to engage in the interactive process and otherwise made no effort to accommodate Plaintiff's disability/condition and request for reasonable accommodation.

29.     Instead, Defendant terminated Plaintiff's employment when she attempted again to address her previously ignored concerns prior to returning to work following her FMLA leave and as a result of her sex, pregnancy, and related disability/condition, and in retaliation for her taking FMLA leave and/or her complaints about Defendant's violation of the ADA, Title VII, and FCRA.

30.     As a result of Defendant's adverse employment actions described above, Plaintiff has suffered damages, including lost wages and emotional distress.

31.     Plaintiff has been forced to retain the undersigned counsel to prosecute these claims and protect her rights and is obligated to pay counsel's reasonable attorneys' fees and costs.

## COUNT I - FMLA Interference

32.     Plaintiff re-alleges and incorporates paragraphs 1 through 31 of the Complaint as if set forth fully herein.

33.     Defendant is a foreign limited liability corporation domiciled and transacting business in the Middle District of Florida, Tampa Division.

34.     Defendant has in excess of 50 employees within 75 miles of where

Plaintiff worked.

35.    Defendant employed Plaintiff as a full-time veterinarian technician from approximately August 31, 2019 through at least around August 2021.

36.    Defendant is a covered entity within the meaning of 29 U.S.C. § 2611(4).

37.    Plaintiff is a covered employee within the meaning of 29 U.S.C. § 2611(2).

38.    Plaintiff engaged in a statutorily protected activity when she took FMLA leave from work for her pregnancy and/or for her serious health condition.

39.    Plaintiff was entitled to take FMLA leave.

40.    Defendant interfered with Plaintiff's rights under the FMLA as follows.

41.    Defendant failed to apprise Plaintiff of her FMLA rights.

42.    Defendant failed to issue Plaintiff an eligibility notice.

43.    Defendant failed to issue Plaintiff a rights and responsibilities notice.

44.    Defendant used Plaintiff's FMLA leave as a negative factor against Plaintiff by deciding not to reinstate Plaintiff or respond to Plaintiff's employment-related inquiries and concerns.

45.    Defendant refused and/or failed to reinstate Plaintiff to her same position or an equivalent position, following Plaintiff's FMLA leave.

46.    Had Defendant complied with its obligations under the FMLA, Plaintiff would not have lost her employment.

47. After-the-fact, Defendant's representative admitted that it had not provided Plaintiff guidance on returning to work and it should have been communicated to Plaintiff that FMLA provides up to 12 weeks of unpaid leave.

48. Plaintiff has suffered loss of employment, pay, and benefits as a result of the interference.

49. Defendant's violations were knowing and willful.

WHEREFORE, Plaintiff demands judgment for damages against Defendant for back pay, front pay, lost past and future employment benefits, liquidated damages, reinstatement of employment and benefits, reasonable attorneys' fees and costs, and any other relief the Court deems appropriate and just.

## COUNT II - FMLA Retaliation

50. Plaintiff re-alleges and incorporates paragraphs 1 through 31 and 33-37 of the Complaint as if set forth fully herein.

51. Plaintiff engaged in a statutorily protected activity when she took approved FMLA leave.

52. Defendant retaliated against Plaintiff for taking FMLA leave by failing and/or refusing to reinstate Plaintiff to her position and terminating her employment.

53. Plaintiff suffered an adverse employment action when she was terminated by Defendant following Plaintiff's FMLA leave.

54. Plaintiff's termination was causally related to her engagement in a statutorily protected activity.

55.      Plaintiff has suffered loss of employment, pay, and benefits as a result of the retaliation.

56.      Defendant's violations were knowing and willful.

WHEREFORE, Plaintiff demands judgment for damages against Defendant for back pay, front pay, lost past and future employment benefits, liquidated damages, reinstatement of employment and benefits, reasonable attorneys' fees and costs, and any other relief the Court deems appropriate and just.

## COUNT III - Disability Discrimination Under the ADAAA

57.      Plaintiff re-alleges and incorporates paragraphs 1 through 20 and 28 of the Complaint as if set forth fully herein.

58.      Defendant denied Plaintiff's request for reasonable accommodation, and failed to make reasonable accommodations for Plaintiff.

59.      Plaintiff was a qualified individual with a serious health condition and/or disability, which substantially limited one or more major life activities. Due to her high-risk pregnancy, Plaintiff had: (a) at least one (1) disability, i.e. a physical or mental impairment that substantially limited one or more of the major life activities of Plaintiff; (b) a record of such impairment; or (c) was regarded as having such an impairment.

60.      In spite of her disabilities, Plaintiff was able to perform all of the essential functions of her job.  Plaintiff was otherwise qualified to perform the duties of her job if she was given reasonable accommodations.

61.      Plaintiff informed Defendant of the limitations of her disability and

requested reasonable accommodations as described above.  Defendant unreasonably refused to provide Plaintiff with the reasonable accommodations she requested, which resulted in Plaintiff losing her employment.

62.     In failing to make reasonable accommodations, Defendant violated the ADAAA, which makes it unlawful for an employer to discharge or otherwise to discriminate against a qualified individual with a disability, with respect to compensation, terms condition, or privileges of employment because of such individual's disability.

63.     Defendant conducted unlawful employment practices against Plaintiff at least in part because of her disability and her requests for a reasonable accommodation.

64.     In denying Plaintiff a reasonable accommodation, Defendant engaged in a discriminatory practice with malice and reckless indifference to the statutorily protected rights of Plaintiff.   Defendant committed the acts herein alleged maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive amounting to malice and a conscious disregard of Plaintiff's protected rights.   The acts committed against Plaintiff were carried out by managerial employees of Defendant acting in a deceptive, deliberate, cold, callous, and intentional manner and in order to injure and damage Plaintiff.

65.     Proximately and directly as a result of Defendant discriminating against Plaintiff on account of her disability and requests for reasonable

accommodation, Plaintiff has suffered damages consisting of past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, humiliation, and other non-pecuniary losses and intangible injuries.

WHEREFORE, Plaintiff prays for judgment against Defendant for all damages to which she may be entitled, including, but not limited to:

(a)    An order requiring Defendant to reinstate Plaintiff, requiring that all Defendant's records be corrected to reflect no break in service in Plaintiff's employment with Defendant, or in the alternative, an award of front pay damages representing all the sums of money Plaintiff would have earned in the future, had she not been discharged;

(b)    An award of back pay, including all sums of money Plaintiff would have earned, together with such increases to which she would be entitled had she not been discriminatorily discharged, and interest thereon;

(c)    An award for all money paid for health benefits, all money paid for medical expenses, and reinstatement of sick leave and vacation entitlement;

(d)    Compensatory damages including, but not limited to, mental anguish, loss of enjoyment of life, loss of dignity and other intangible injuries;

(e)    An award of reasonable attorneys' fees and all costs incurred herein; and

(f)    Such other and further relief as the Court deems proper.

## <u>COUNT IV - Disability Discrimination Under The FCRA</u>

66.     Plaintiff re-alleges and incorporates paragraphs 1 through 20, 28, and 58 through 65 of the Complaint as if set forth fully herein.

67.     Defendant knowingly and willfully discriminated against Plaintiff on the basis of her disability.

68.     As a direct, natural, proximate, and foreseeable result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to, lost wages, benefits and other economic losses, and emotional distress, for which she should be compensated.

69.     The conduct of Defendant complained of herein was willful, wanton, malicious, oppressive, and/or unmindful of obligations to Plaintiff and/or exhibited that entire want of care, which would rise to the presumption of conscious indifference to the consequences so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize or deter Defendant, for which Defendant is liable to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant for all damages to which she may be entitled, including, but not limited to:

(a)     Entry of a judgment in favor of Plaintiff and against Defendant;

(b)     Back pay;

(c)     Reinstatement, or in the alternative, front pay;

(d)     Compensatory damages;

(e)     Punitive damages;

    (f)     Reasonable attorneys' fees and costs;

    (g)     Pre-Judgment and Post-Judgment interest, as provided by law; and

    (h)     Such other and further relief as the Court deems just and proper.

### COUNT V – Sex/Pregnancy Discrimination Under Title VII

70.    Plaintiff re-alleges and incorporates Paragraphs 1 through 20 of the Complaint as if set forth in full herein.

71.    Plaintiff was discriminated against and harassed throughout the duration of her employment with Defendant on the basis of her sex and due to her pregnancy in violation of Title VII.

72.    Plaintiff's sex and her pregnancy were determining factors in the adverse employment actions Defendant perpetrated against Plaintiff as described above (i.e., failure to accommodate).

73.    Defendant knowingly and willfully harassed Plaintiff, discriminated against Plaintiff, caused a hostile working environment for Plaintiff, and terminated Plaintiff's employment as described above on the basis of her sex and because of her pregnancy.

74.    Proximately and directly as a result of the foregoing violations, Plaintiff has suffered damages, including lost wages and emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendant for all damages to which she may be entitled, including, but not limited to:

(a)    An award of back pay, including all sums of money Plaintiff would have earned, together with such increases to which she would be entitled had she not been discriminatorily discharged, and interest thereon;

(b)    An award for expenses incurred by Plaintiff in her job search, all money paid for health benefits, all money paid for medical expenses, and reinstatement of sick leave and vacation entitlement;

(c)    Compensatory damages including, but not limited to, emotional distress damages;

(d)    An award of reasonable attorneys' fees and all costs incurred herein; and

(e)    Such other and further relief as the Court deems proper.

**COUNT VI – Sex/Pregnancy Discrimination Under The FCRA**

75.    Plaintiff re-alleges and incorporates paragraphs 1 through 20 of the Complaint as if set forth fully herein.

76.    Plaintiff is a female. Plaintiff's sex and her pregnancy were determining factors in the adverse employment actions Defendant perpetrated against Plaintiff as described above (i.e., failure to accommodate).

77.    Defendant discriminated against Plaintiff and also subjected her to a hostile working environment on the basis of her sex and pregnancy, in violation of the FCRA.

78.     Defendant knowingly and willfully discriminated against Plaintiff on the basis of her sex and pregnancy.

79.     As a direct, natural, proximate, and foreseeable result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to, lost wages, benefits and other economic losses, and emotional distress, for which she should be compensated.

80.     The conduct of Defendant complained of herein was willful, wanton, malicious, oppressive, and/or unmindful of obligations to Plaintiff and/or exhibited that entire want of care, which would rise to the presumption of conscious indifference to the consequences, so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize, or deter Defendant, for which Defendant is liable to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant for all damages to which she may be entitled, including, but not limited to:

(a)     Entry of a judgment in favor of Plaintiff and against Defendant;

(b)     Back pay;

(c)     Reinstatement, or in the alternative, front pay;

(d)     Compensatory damages;

(e)     Punitive damages;

(f)     Reasonable attorneys' fees and costs;

(g)     Pre-Judgment and Post-Judgment interest, as provided by law; and

(h)    Such other and further relief as the Court deems just and proper.

## COUNT VII – Retaliation Under FWA

81.    Plaintiff re-alleges and incorporates Paragraphs 1 through 31 of the Complaint as if set forth in full herein.

82.    During Plaintiff's employment with Defendant, Plaintiff disclosed to an appropriate government agency, under oath, in writing, unlawful disability, sex, and pregnancy discrimination of Defendant.   Plaintiff provided information to this government agency during the investigation of this matter.

83.    Plaintiff also objected to and refused to participate in activities, policies, or practices of Defendant, which were in actual violation of a law, rule, or regulation, or which Plaintiff reasonably believed were in violation of a law, rule, or regulation.

84.    Specifically, Plaintiff objected to and refused to participate in the discrimination in the workplace and a hostile working environment as outlined above in at least, March 2021 to the practice manager, on or about May 26, 2021 when she filed her Charge of Discrimination against Defendant, June 29, 2021 when she e-mailed the practice manager about Defendant's failure to contact her to return to work, and August 10, 2021 when she again raised the issues of discriminatory treatment and a hostile working environment that had never been investigated or addressed by Defendant.

85.    Defendant knew, or with reasonable diligence, should have known that its actions were in violation of a law, rule, or regulation.

86.    As a result of above, Defendant took retaliatory personnel actions

against Plaintiff for her whistleblowing, including without limitation, failing and/or refusing to respond to or address Plaintiff's concerns, depriving Plaintiff of her protected FMLA rights, and terminating Plaintiff's employment.

87.    Defendant's retaliatory conduct and wrongful termination has caused Plaintiff to suffer damages, including without limitation, financial loss, loss of wages and benefits, loss of enjoyment of life, humiliation, embarrassment, and emotional distress.

WHEREFORE, based on the foregoing, Plaintiff, respectfully requests the entry of an Order and final judgment as follows:

(a)    enjoining and restraining Defendant from continued violation of the Florida Whistle-blower's Act;

(b)    reinstating Plaintiff to the same position held before the retaliatory personnel actions, or to an equivalent position;

(c)    reinstating Plaintiff's full fringe benefits and seniority rights;

(d)    requiring payment to Plaintiff of compensation for past and future lost wages, benefits, and other remuneration;

(e)    requiring Defendant to correct Plaintiff's disciplinary records to omit any reference to any of the points or alleged wrongdoing associated with the points described above;

(f)    awarding any other compensatory damages allowable at law;

(g)    awarding Plaintiff recovery of attorneys' fees and costs; and

(h)    awarding Plaintiff such further relief that the Court deems just

and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

<u>s/ Bradley P. Rothman</u>
Bradley P. Rothman
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
2548 Northbrooke Plaza Drive
Naples, Florida 34119
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*